**FILED**
**Mar 18, 2022**
**01:54 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **EBONI HARRIS,** | ) | **Docket No. 2021-05-1137** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | **State File No. 48420-2019** |
| **VANDERBILT UNIVERSITY** | ) | |
| **MEDICAL CENTER.,** | ) | |
| **Employer.** | ) | **Judge Dale Tipps** |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Vanderbilt University Medical Center (VUMC) filed a Motion for Summary Judgment on February 3, 2022. The central issue is whether VUMC is entitled to summary judgment because the statute of limitations bars Ms. Harris's claim. For the reasons below, the Court holds VUMC is entitled to summary judgment.

### Procedural History

Ms. Harris alleged she suffered work-related injuries on July 5, 2019. VUMC accepted the claim and provided medical treatment. Ms. Harris filed a Petition for Benefit Determination (PBD) on December 14, 2021, seeking additional medical treatment and temporary disability benefits.

VUMC filed this Motion for Summary Judgment, and Ms. Harris filed a response. The Court heard arguments in a telephonic hearing on March 9, 2022.

### Facts

VUMC filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03. Ms. Harris disputed several of the facts by citing to a Rule 72 statement she filed with her response to the motion. However, a careful reading of the Rule 72 statement yields no facts to support her denial.

For instance, Ms. Harris disputed facts in the affidavit of Teresa Overton, who is VUMC's workers' compensation manager and is "currently responsible" for Ms. Harris's

1

July 5, 2019 claim. Ms. Harris's Rule 72 statement says that Ms. Overton was not employed by VUMC at the time of her injury and that her adjuster was Debbie Zidank. Even taking Ms. Harris's statements as true, they do not address, much less rebut, the fact that Ms. Overton is *currently* the VUMC employee responsible for this claim.

The remainder of the Rule 72 statement relates to Ms. Harris's injury, medical treatment, causation opinions, lost pay, and a subsequent injury. None of these matters have any bearing on the statute of limitation issue raised in VUMC's motion. The same is true for the extensive medical records Ms. Harris filed opposing the motion.[1]

The net effect of these deficiencies in Ms. Harris's response is a failure to rebut any of the facts alleged in VUMC's statement. The Court therefore summarizes the facts as follows:

1. Ms. Harris alleged an injury date of July 5, 2019.
2. VUMC provided medical treatment, including treatment with Dr. Rummo and Dr. Elalayli, both of whom Ms. Harris selected from a panel.
3. Dr. Elalayli referred Ms. Harris to Dr. Berkman, who determined that her need for surgery was not related to her work injury.
4. Ms. Harris returned to Dr. Rummo, who released her at maximum medical improvement on November 12, 2019.
5. VUMC only provided medical benefits on this claim, and the last payment for any authorized benefits was made on April 1, 2020.
6. VUMC has not authorized any medical treatment since the November 12, 2019 appointment with Dr. Rummo.
7. Ms. Harris filed her PBD on December 14, 2021.

Based on these facts, VUMC argued the Court should grant summary judgment because it affirmatively negated an essential element of Ms. Harris's claim – that she timely filed the PBD – *and* that the facts are insufficient for Ms. Harris to prove this element.

Ms. Harris contended during the hearing that summary judgment is inappropriate. She argued that because Ms. Overton was not her adjuster, her affidavit should be stricken. Ms. Harris also said she was unaware of the statute of limitations.

**Law and Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

---

[1] Even if the medical records contained relevant information, the Court could not consider them at this stage. *See Lemons v. Elwood Staffing Servs.,* 2021 TN Wrk. Comp. App. Bd. LEXIS 12, at *12-13 (May 4, 2021).

As the moving party, VUMC must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the Ms. Harris's claim, or (2) demonstrate that her evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If VUMC is successful in meeting this burden, Ms. Harris must then establish that the record contains specific facts upon which the Court could base a decision in her favor. *Rye*, at 265.

The essential element at issue in this case comes from Tennessee Code Annotated section 50-6-203(b)(2), which provides:

> In instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination is filed with the bureau on a form prescribed by the administrator within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

The undisputed facts conclusively demonstrate that Ms. Harris filed her PBD on December 14, 2021, which is more than one year after VUMC's last payment of authorized benefits on April 1, 2020. Thus, VUMC met its burden of negating an essential element of the claim. This means Ms. Harris must show that the record contains specific facts upon which the Court could find in her favor, such as proof of a recognized exception to the statute of limitations.

As noted above, Ms. Harris filed a response, but it did not contain any relevant information on the statute of limitations. This leaves the Court without proof of any applicable exceptions. Ms. Harris's evidence is therefore insufficient to establish this essential element of her claim, and the Court must hold that VUMC is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. VUMC's Motion for Summary Judgment is granted, and Ms. Harris's claim is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to VUMC under Tennessee Compilation Rules and Regulations 0800-02-21-.06 payable to the Clerk within five days of this order becoming final.

4. VUMC shall prepare and submit the SD-2 with the Clerk within ten days of the date

of judgment.

**ENTERED March 18, 2022.**

_____

**Judge Dale A. Tipps**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 18, 2022.

| Name | Certified Mail | Via Email | Service Sent To |
|---|---|---|---|
| Eboni Harris | X | X | Ebonianderson95@gmail.com<br>906 Tal Lane<br>LaVergne, TN 37086 |
| Nathaniel Cherry, Employer Atty. | | X | ncherry@howardtatelaw.com |

_____

**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court.  To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board.  *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure.  If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____       ☐ Motion Order filed on _____

☐ Compensation Order filed on_____       ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*